IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SANDRA BENITEZ GUTIERREZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ELIO GUTIERRREZ AND AS NEXT FRIEND OF RONIEL GUTIERREZ | § § § § § § § | |
| Vs. | § § | CAUSE NO. 1:07CV0332 |
| ACE TRANSPORTATION, INC. | § § | Jury Trial Demanded |

## *NOTICE OF REMOVAL*

Defendant, ACE TRANSPORTATION, INC. ("ACE"), files this Notice of Removal.

1. Plaintiffs, Sandra Gutierrez, Individually and as Representative of the Estate of Elio Gutierrez and as Next Friend of Roniel Gutierrez filed this action against ACE in the 58th Judicial District Court of Jefferson County, Texas in Cause No. A179060.

2. Plaintiffs sued Defendant claiming that an employee of ACE negligently caused the death of Elio Gutierrez in a motor vehicle accident.

3. ACE received Plaintiffs' Original Petition for relief in this action on May 10, 2007. This Notice of Removal is filed within thirty (30) days from the date ACE first received notice of the initial pleading filed by Plaintiffs in the state court action that indicated that this case is removable. 28 USC § 1446 (b)

4. ACE files this Notice of Removal pursuant to 28 U.S.C. § 1332 to remove this action from the 58th Judicial District Court of Jefferson County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division.

5. This state court action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because the suit is between citizens of different States and the

amount in controversy exceeds $75,000.00, exclusive of interest and costs. Both at the time that this action was brought by Plaintiffs and at the time of the filing of this Notice of Removal: ACE is and has been a corporation organized under the laws of the State of Louisiana with its principal place of business in Louisiana; Plaintiffs, Sandra Gutierrez, Individually and as Personal Representative of the Estate of Elio Gutierrez and as Next Friend of Roniel Gutierrez are and have been residents and citizens of the State of Nevada.

6. This case is removable even though Plaintiffs alleged in their Original Petition in state court that the amount in controversy "exceeds the minimum jurisdictional amount of this court." As explained in the opinion of <u>Aguilar v. Boeing Company</u>, 47 F. 3d 1404, (5th Cir 1995), Texas Rule of Civil Procedure 47(b) prohibits a Plaintiff from filing an Original Petition stating an exact dollar amount of unliquidated damages. However, because Texas procedure allows a Plaintiff to amend a petition to seek additional damages at will up to 7 days before trial, Plaintiff's Original Petition as filed does not place any limit whatsoever on the damages that can be sought in this case. It certainly does not limit damages to less than $75,000.00. Therefore, as set forth in <u>Aguilar</u>, without filing a binding stipulation with the Petition that limits damages in this case to less than $75,000.00, the amount in controversy is not limited to less than $75,000.00

7. Defendant asserts that despite the general nature of their pleadings, the allegations in Plaintiffs' Original Petition clearly indicate that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. This case involves the death of the husband of Plaintiff, Sandra Gutierrez, and the father of Plaintiff, Roniel Gutierrez, which alone establishes that the amount in controversy exceeds $75,000.00. Plaintiff, Sandra Gutierrez is the widow of Elio Gutierrez who died in the motor vehicle accident which is the subject matter of this cause. She has filed this action as a beneficiary under the Texas Wrongful Death Act for herself and her

minor son, Roniel Gutierrez, as well as for damages under the Texas Survival Statute as a heir and representative of the Estate of the Deceased.

8. Under the Texas Wrongful Death Act, a spouse of the deceased is entitled to damages for past and future pecuniary loss, loss of companionship and society and mental anguish. Under Texas law, pecuniary loss is defined as the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of pecuniary value that the spouse reasonably probably would have received from the deceased had he lived.

9. Loss of companionship and society is defined as the loss of the positive benefits flowing from the love, comfort, companionship and society that the spouse would have in reasonable probability received from the deceased had he lived. Finally, mental anguish means the emotional pain, torment and suffering experienced by the Plaintiff because of the death of her spouse.

10. As the son of the deceased, Plaintiff, Roniel Gutierrez is entitled to a separate claim for the same type of non-economic damages as a surviving spouse.

11. Under the Texas Survival Act, the estate of the deceased is entitled to recover damages for pain and mental anguish, medical expenses and funeral and burial expenses. Pain and mental anguish is defined as the conscious physical pain and emotional pain, torment and suffering experienced by the deceased before his death as a result of the occurrence in question. Medical expenses include the reasonable expenses of necessary medical and hospital care, including, but not limited to, physicians fees, hospitalization charges, medical supplies, appliances, medicine and nursing services received by the deceased to treat the injuries sustained by him as a result of the occurrence in question. Finally, funeral and burial expenses mean the

reasonable amount of expenses for funeral and burial of the deceased suitable for his station in life.

12. Plaintiffs, Sandra Gutierrez and Roniel Gutierrez may also claim loss of inheritance, including the present value of the assets the decedent in reasonable probability would have added to his estate at the time of his natural death. This would include the accumulated assets from the savings and past earnings of the decedent, which would have continued to accumulate for the remainder of his natural life. At the age of 49, the deceased had a life expectancy of approximately 29.3 years.

13. Furthermore, Plaintiffs filed this action under a Level 2 Discovery Control Plan pursuant to Rule 190.3 of the Texas Rules of Civil Procedure. By making this election, Plaintiffs rejected a discovery control plan under level one. A level two plan requires that a Plaintiffs plead for monetary relief of more than $50,000.00. Texas Rule of Civil Procedure 190.2(a)(1), 190.3(a), Comment 2. Thus, it is immediately clear that the amount in controversy exceeds $50,000.00 by the choice of Plaintiff's discovery plan alone.

14. In addition, Plaintiffs have prayed for punitive damages against Defendant. Under Chapter 41.008 of the Texas Civil Practice and Remedies Code, punitive or exemplary damages can be awarded in an amount equal to the greater of either two times economic damages, plus an amount equal to non-economic damages not to exceed $750,000.00; or $200,000.00. Thus, by pleading for punitive damages against the Defendant, Plaintiffs are by definition seeking an additional amount of damages of at least $200,000.00.

15. It is also well established that the court can look at the nature of the damages and injuries being alleged by the Plaintiff in the complaint to determine whether the amount in controversy is more likely than not in excess of $75,000.00. Thus, in Luckett v. Delta Air Line,

Inc., 171 F.3d 295 (5th Cir. 1999), the court found that allegations of property damage, travel expenses, emergency ambulance trips, six days in the hospital, pain and suffering, humiliation and a temporary inability to do housework (all because of heart failure after the airline lost the Plaintiff's luggage which contained Plaintiff's heart medication) met the jurisdictional requirement even though no specific amount of damages was pled. In a similar case, the court found jurisdiction where Plaintiff claimed injuries to the right wrist, left knee and upper and lower back requiring medical expenses, loss wages and resulting in physical pain and suffering, mental anguish, permanent disability and disfigurement. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000).

16. It is clear that if the types of injuries alleged in Luckett and Gebbia were sufficient to establish the requisite amount in controversy for federal jurisdiction; the claims of wrongful death being made by the widow and minor son of the decedent in this case, who are claiming compensatory damages for mental anguish, loss of companionship, pecuniary loss and exemplary damages, are sufficient to establish that the amount in controversy, in this case, is more likely than not in excess of $75,000.00.

17. Therefore, it is abundantly clear that the amount of controversy in this cause exceeds $75,000.00, exclusive of interest and costs. This is a case being brought by the surviving spouse and son of a 49 year old truck driver who was killed in a commercial motor vehicle accident on I-10 in Jefferson County, Texas. Plaintiff has brought this action under the Texas Wrongful Death Act seeking all of the compensatory damages provided under that Act, plus punitive damages. In addition, a claim is being brought on behalf of the Estate of the Deceased under the Survival Act, which would allow a recovery of compensatory damages for medical and funeral expenses, plus any conscious pain and suffering and mental anguish suffered by the

decedent prior to his death. Therefore, the evidence, based upon the facts pleaded by the Plaintiffs and the applicable state law and rules of procedure, indicates overwhelmingly that the amount in controversy in this case exceeds $75,000.00.

18. In accordance with 28 U.S.C. 1446(a), a copy of all process, pleadings and orders from the state court action are attached to this notice.

19. In accordance with 28 U.S.C. 1446(d), written notice of the filing of this Notice of Removal will promptly be given to all parties and the clerk of the District Court of Jefferson County, Texas.

20. In accordance with 28 USC § 1446(a), all Defendants have consented to and join in this Notice of Removal.

21. Pursuant to Federal Rule of Civil Procedure 38(b), ACE hereby demands trial by jury.

22. All fees required by law in connection with this Notice of Removal have been paid by Defendant.

23. ACE respectfully requests, that this state court action be removed to this Court and placed on the Court's docket for further proceedings.

Respectfully submitted,

FROCK & BROUSSARD, P.C.

By: _____
M. DAVID FROCK
2550 N. Loop West, #260
Houston, Texas 77092
(713) 688-2300
(713) 688-2377 FAX
State Bar No. 07484800
ATTORNEY FOR DEFENDANT,
ACE TRANSPORTATION, INC.

## ***CERTIFICATE OF SERVICE***

I hereby certify that a true and correct copy of the foregoing document has been sent via Certified Mail/RRR to all counsel of record on this 23rd day of May 2007.

_____
M. DAVID FROCK