IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SANDRA BENITEZ GUTIERREZ, | § | |
| INDIVIDUALLY AND AS PERSONAL | § | |
| REPRESENTATIVE OF THE ESTATE OF | § | |
| ELIO GUTIERREZ AND AS NEXT | § | |
| FRIEND OF RONIEL GUTIERREZ | § | |
| | § | |
| vs. | § | CAUSE NO. 1:07-CV-332 |
| | § | |
| ACE TRANSPORTATION, INC. | § | |

**REGLA MERCEDES ALFONSO-RAMOS'
FIRST AMENDED COMPLAINT IN INTERVENTION**

COMES NOW, Intervenor, **REGLA MERCEDES ALFONSO-RAMOS,** and files this First Amended Complaint in Intervention as a Party-Plaintiff, as authorized by Federal Rule of Civil Procedure 24.

## PARTIES

### I.

Intervenor **REGLA MERCEDES ALFONSO-RAMOS** is an individual who is a citizen and resident of Las Vegas, Clark County, Nevada.

### II.

Plaintiff Sandra Benitez Gutierrez is an individual who is a citizen and resident of Las Vegas, Clark County, Nevada.

### III.

Defendant Ace Transportation, Inc. (a/k/a "Ace") is a Louisiana Corporation that conducts business in the State of Texas.

## IV.

Intervenor, **REGLA MERCEDES ALFONSO-RAMOS**, has been required to name both Sandra Benitez Gutierrez as representative of the Estate of Decedent Elio Gutierrez and GHE Transport/Elio Gutierrez as Defendants due to the unique allegations of legal fault, including negligence, asserted by named Defendant Ace Transportation, Inc**.**  GHE TRANSPORT is the assumed business name of decedent, Elio Gutierrez, and its business address is located at 4229 Murillo St., Las Vegas, NV.  Service of process is unnecessary because Mr. Elio Gutierrez, an owner of GHE TRANSPORT at the time of this incident, is a party to this pending action through the action brought by Sandra Benitez Gutierrez as representative of the Estate of Decedent Elio Gutierrez

### ORIGINAL STATE FILED LAWSUIT

## V.

Plaintiff sued Defendant in the 58th Judicial District Court of Jefferson County, Texas as surviving spouse and representative of the Estate of Decedent Elio Gutierrez for, and as Next Friend of their minor child Roniel Gutierrez, for negligence, negligence *per se*, gross negligence, and *respondeat superior* arising out of a motor vehicle accident that occurred on or about December 8, 2006 in which Decedent Elio Gutierrez was killed.  Plaintiff brings claims for damages on behalf of the Estate of Elio Gutierrez for mental pain and suffering, medical expenses, funeral and burial expenses, and death.  Plaintiff brings claims for damages as Next Friend of Roniel Gutierrez for loss of consortium and mental pain and suffering.  Plaintiff brings claims individually for mental pain and suffering, loss of consortium, and funeral and burial expenses.  The lawsuit was removed to the United States District Court for the Eastern Division of Texas, Beaumont Division. Defendant filed an answer asserting a general denial in State District Court, and a First Amended Original Answer subsequent

to removal to this Court asserting the affirmative defenses of the negligence of Decedent Elio Gutierrez, unavoidable accident, acts of third parties, and statutory and constitutional prohibition of punitive damages.

## INTERVENOR'S CAUSE OF ACTION

### VI.

On or about December 8, 2006, Intervenor **REGLA MERCEDES ALFONSO-RAMOS** was an innocent passenger riding in the 18-wheeler tractor trailer rig being operated by Decedent Elio Gutierrez while traveling on Interstate 10 in Jefferson County, Texas, when Defendant Decedent Brendon Gardner, while working for Defendant Ace Transportation, Inc. failed to properly timely observe hazardous conditions in the roadway, and failed to maintain his vehicle in a proper lane of traffic colliding with Decedent Gutierrez's truck. At the time of the collision, Decedent Brendon Gardner was acting within the course and scope of his employment with Defendant Ace Transportation, Inc. The collision caused severe, painful, and disabling personal/mental injuries to Intervenor and resulted in the death of both drivers. This collision was proximately caused by the actions of Defendants while acting within the course and scope of their employments. As a direct and proximate result of the occurrence in question, the personal injuries suffered by Intervenor have resulted in monetary damages in an amount within the jurisdictional limits of the Court. Intervenor's claims for personal injuries and damages arise from similar facts and circumstances presented in the lawsuit, and accordingly present common questions of law and fact concerning liability.

### VII.

At the time of the collision in question, both Ace coupled with the employee of Defendant "Ace" were guilty of certain acts, wrongs, and/or omissions, each and all amounting to negligence.

Said acts, wrongs, and/or omissions include, without limitation, including the following:

1. Failing to maintain proper control of his vehicle;

2. Failing to timely apply his brakes;

3. Failing to take proper evasive action;

4. Failing to maintain a proper look out;

5. In violating Tex. Trans. Code §545.051 by failing to drive on the right side of the roadway;

6. In violating Tex. Trans. Code §545.063 by failing to drive on the right side of the roadway on a divided highway;

7. In failing to remain alert while operating a multi-ton vehicle;

8. In failing to act as a safe and competent driver;

9. In taking faulty evasive action;

10. In retaining an incompetent/unqualified driver in violation DOT standard(s);

11. In failing to adequate comply with DOT minimum standard(s) regarding driver qualification(s) and vehicular inspection.

All of the above acts, wrongs and/or omissions, as well as various other acts, wrongs, and/or omissions on the part of Decedent Brendon Gardner amounted to negligence and was a proximate cause of the above collision and resulting damages and serious injuries suffered by Intervenor **REGLA MERCEDES ALFONSO-RAMOS**.

## COURSE & SCOPE OF ACE DRIVER

### VIII.

Decedent Gardner was acting within the course and scope of employment with Defendant Ace Transportation, Inc. at the time of the collision in question that caused Intervenor's injuries. Decedent Brendon Gardner was performing services on behalf of Defendant Ace Transportation, Inc. that were

peculiar to Defendant Ace Transportation, Inc.'s business, specifically interstate commerce. Defendant Ace Transportation, Inc. had the right to control the actions of Decedent Brendon Gardner in the furtherance of his employment with Defendant Ace Transportation, Inc. Defendant Ace Transportation, Inc. is therefore liable to Intervenor **REGLA MERCEDES ALFONSO-RAMOS** by virtue of the doctrine of *respondeat superior*. While this defendant has failed to fully respond to the type of cargo being carried by the Mr. Gardner, intervenor asserts that there is a probability that Mr. Garder owed Intervenor, a higher duty/standard of care.

### COURT ORDERED DEADLINES

### IX.

The Court has diligently ordered all parties to be named on or before October 8, 2007. Depositions have been scheduled in this manner set for a time period past the "party" cut off date. For example, a corporate representative from Defendant "Ace" is noticed for a date in the month of November, 2007. This noticed witness has/will be subpoenaed to provide all log books and vehicular inspection reports which are required to be kept pursuant to "Ace's" notice of this fatality incident coupled with Department of Transportation requirements. For example, these critical pieces of evidence may demonstrate various matters including driver fatigue, violation of on duty hours, mechanical vehicular problems, or even improper tampering with DOT required documents.

Additionally, the investigating Department of Public Safety Officer has been noticed for deposition following the court's "party" deadline. While Intervenor fully agrees with the DPS officers written determination that the failure of the Defendant "Ace" driver to properly/safely maintain his 18 wheeler in a proper lane of traffic was a factor in this preventable incident, it is critical to take the officer's sworn testimony. While the testimony of the DPS officer does not necessarily or

automatically create or absolve liability, it is a critical factor in leading to additional discoverable evidence.

### LEGAL FAULT/NEGLIGENCE OF ELIO GUTIERREZ

### X.

As set forth in the proceeding section, Intervenor has had insufficient opportunity to conduct a complete investigation into the legal responsibility and/or negligence of the deceased driver, Elio Gutierrez, represented by Defendant Sandra Benitez Gutierrez as representative of the Estate of Decedent Elio Gutierrez. While it remains within the province of the jury to eventually made determinations as to legal culpability, due to the allegations of counsel for "Ace", Intervenor asserts legal fault/negligence of the deceased driver, Elio Gutierrez due, in part, to:

1. In failing to maintain proper control of his vehicle to avoid the impact;

2. In failing to maintain a proper look out;

3. In failing to use the care of a reasonably prudent professional truck driver.

All of the above acts, wrongs and/or omissions, as well as various other acts, wrongs, and/or legal fault were a proximate cause of injury to Intervenor, **REGLA MERCEDES ALFONSO-RAMOS**. Notably, depending upon further discovery these allegations may be abandoned.

### DAMAGES

### XI.

As a passenger in one of the wrecked 18 wheelers, which caught fire, Intervenor has suffered legal damages and injuries including, but not limited to:

1. Reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medications, and other services and supplies in the past;

2. Probable future reasonable and necessary costs of medical care and treatment,

   including doctors, hospitals, nurses, medications, mental health evaluation/treatment and other services and supplies in the future;

3.  Intervenor **REGLA MERCEDES ALFONSO-RAMOS** suffered physical pain in the past;

4.  Intervenor **REGLA MERCEDES ALFONSO-RAMOS** will further suffer physical pain in the future;

5.  Intervenor **REGLA MERCEDES ALFONSO-RAMOS** suffered mental anguish in the past;

6.  Intervenor **REGLA MERCEDES ALFONSO-RAMOS** will further suffer mental anguish in the future;

7.  Intervenor **REGLA MERCEDES ALFONSO-RAMOS** suffered physical disfigurement in the past;

8.  Intervenor **REGLA MERCEDES ALFONSO-RAMOS** will further suffer physical disfigurement in the future;

9.  Intervenor **REGLA MERCEDES ALFONSO-RAMOS** suffered physical impairment in the past; and

10.  Intervenor **REGLA MERCEDES ALFONSO-RAMOS** will further suffer physical impairment in the future.

By reason of the above, Intervenor **REGLA MERCEDES ALFONSO-RAMOS** has been damaged in an amount within the jurisdictional limits of this court.  Intervenor **REGLA MERCEDES ALFONSO-RAMOS** will be required to endure the above listed damages, including mental trauma, and all other damages at law for an undetermined length of time in the future and probably for the rest of her life.

## PRAYER

## XII.

For these reasons, Intervenor **REGLA MERCEDES ALFONSO-RAMOS** asks that on final hearing, she have judgment against Defendants pursuant to the above and foregoing allegations in such amounts as the evidence may show proper at the time of trial; together with interest thereon at the legal rate, for costs of Court; and for such other and further relief, both general and special, statutory or common law, at law and in equity, to which Intervenor **REGLA MERCEDES ALFONSO-RAMOS** may be justly entitled.

Respectfully submitted,

FERGUSON FIRM
1122 Orleans
Beaumont, TX   77701
(409) 832-9900
(409) 838-6337 (Fax)


By:*/s/ Timothy W. Ferguson*
    Timothy W. Ferguson
    State Bar No. 06929500

**ATTORNEY FOR INTERVENOR**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served on all known counsel of record pursuant to the Federal Rules of Civil Procedure on this 5th day of October, 2007.

    */s/ Timothy W. Ferguson*
    Timothy W. Ferguson

**FIRST AMENDED COMPLAINT IN INTERVENTION**    Page 8